UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSE BERNAL MARTINEZ,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>SHANE HALL, KEVIN JONES,<br><br>　　　　　　　Defendants. | No. C14-5423 RBL-KLS<br><br>ORDER TO AMEND OR SHOW CAUSE |

On March 10, 2014, Plaintiff Jose Bernal Martinez filed a 42 U.S.C. ¶ 1983 civil rights complaint in the United States District Court for the Eastern District of Washington. Dkt. 1. In his complaint, Mr. Martinez seeks to sue the Multomah County and Clark County officers who arrested him on March 14, 2012. He contends that he was arrested based on controlled substances found during a warrantless search, improperly read his *Miranda* rights, and was found guilty and sentenced to 36 months in prison. *Id.* At the time he filed his complaint, Mr. Martinez was incarcerated at the Coyote Ridge Corrections Center (CRCC) in Connell, Washington. *Id.* In a letter to the Court dated March 19, 2014, Mr. Martinez requested that all documents should be sent to him in care of a family member in Mendota, California. Dkt. 6.

By Order dated April 16, 2014, the Court directed Mr. Martinez to notify the Court of his current status and location because it was unclear from Mr. Martinez's submissions if he was still incarcerated or had been released from custody. Dkt. 10. He was also told that if he was no

ORDER TO AMEND OR SHOW CAUSE- 1

longer incarcerated, he should complete the application to proceed in forma pauperis provided by the Court, or pay the full $400.00 filing fee within 21 days.  *Id.*  On May 7, 2014, Plaintiff advised the Court that he had been transferred to the Federal Detention Center (FDC) in Tacoma, Washington and is currently facing federal charges for reentering the country illegally.  Dkt. 11.  He requested that his application to proceed in forma pauperis be granted and that the Court direct collection of the partial filing fee to the FDC.  *Id.*  On the same day, the Eastern District transferred the case to this Court.  Dkt. 12.

        The Court has confirmed that Mr. Martinez is currently housed at the FDC, Register No. 44311-086.  On May 22, 2014, the Clerk sent a letter to Mr. Martinez confirming that his case was transferred from the Eastern District.  The letter was sent to the FDC and to the Medota, California address.  Dkt. 14.

        Based on Mr. Martinez's submissions, it appears to the Court that he is unable to afford the $400.00 filing fee to proceed with a § 1983 complaint.  However, it also appears that Mr. Martinez has failed to state a cognizable § 1983 complaint.  As explained further below, Mr. Martinez must explain to the Court why his complaint should not be dismissed.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).   A complaint or portion thereof, will be

ORDER TO AMEND OR SHOW CAUSE- 2

dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Mr. Martinez seeks monetary damages relating to his March 14, 2012 arrest and conviction. Dkt. 1, p. 6. However, such an action is not cognizable under 42 U.S.C. § 1983. When a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Mr. Martinez does not allege that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. In addition and to the extent Mr. Martinez's transfer to and continued detention in the FDC is premised on his state court conviction, his claim for damages in this action will not accrue under *Heck*, unless or until he prevails in his immigration proceedings or he is granted habeas relief pursuant to 28 U.S.C. § 2241. *See Contreras v. Schiltgen*, 122 F.3d 30, 32-33 (9th Cir.1997)

ORDER TO AMEND OR SHOW CAUSE- 3

(until plaintiff successfully overturned state conviction, former INS was entitled to rely on conviction as basis for custody and eventual deportation), *aff'd on add'l grounds Contreras v. Schiltgen*, 151 F.3d 906 (9th Cir.1998).

Mr. Martinez must explain to this Court why his claim should not be dismissed and his application to proceed in forma pauperis denied as moot. Mr. Martinez shall respond to this Order on or before **July 7, 2014**. If he fails to do so or fails to adequately address the issues raised herein on or before **July 7, 2014**, the Court will recommend dismissal of this action and denial of the application to proceed in forma pauperis as moot.

**The Clerk is directed to send a copy of this Order and a copy of the General Order to Plaintiff**.

DATED this  4th  day of June, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 4