UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSE BERNAL BERNAL MARTINEZ,<br><br>                              Plaintiff,<br><br>        v.<br><br>SHANE HALL, KEVIN JONES,<br><br>                              Defendants. | No. C14-5423 RBL-KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For: August 8, 2014** |

*Pro se* Plaintiff Jose Bernal Martinez filed a 42 U.S.C. ¶ 1983 civil rights complaint in the United States District Court for the Eastern District of Washington.  Dkt. 1.  In his complaint, Mr. Bernal Martinez seeks to sue the Multomah County and Clark County officers who arrested him on March 14, 2012.  He contends that he was arrested based on controlled substances found during a warrantless search, improperly read his *Miranda* rights, and found guilty and sentenced to 36 months in prison.  *Id*.  At the time he filed his complaint, Mr. Bernal Martinez was incarcerated at the Coyote Ridge Corrections Center (CRCC) in Connell, Washington.  *Id*.  In a letter to the Court dated March 19, 2014, Mr. Bernal Martinez requested that all documents should be sent to him in care of a family member in Mendota, California.  Dkt. 6.

By Order dated April 16, 2014, the Court directed Mr. Bernal Martinez to notify the Court of his current status and location because it was unclear from his submissions if he was still incarcerated or had been released from custody.  Dkt. 10.  He was also told that if he was no longer incarcerated, he should complete the application to proceed in forma pauperis provided by

REPORT AND RECOMMENDATION - 1

the Court or pay the full $400.00 filing fee within 21 days.  *Id*.  On May 7, 2014, Plaintiff advised the Court that he had been transferred to the Federal Detention Center (FDC) in Tacoma, Washington and is currently facing federal charges for reentering the country illegally.  Dkt. 11. He requested that his application to proceed in forma pauperis be granted and that the Court direct collection of the partial filing fee to the FDC.  *Id*.  On the same day, the Eastern District transferred the case to this Court.  Dkt. 12.

The Court confirmed that Mr. Bernal Martinez was housed at the FDC, Register No. 44311-086.  On May 22, 2014, the Clerk sent a letter to Mr. Bernal Martinez confirming that his case was transferred from the Eastern District.  The letter was sent to the FDC and to the Medota, California address.  Dkt. 14.

Based on Mr. Bernal Martinez's submissions, it appears to the Court that he is unable to afford the $400.00 filing fee to proceed with a § 1983 complaint.  However, because it also appeared that Mr. Bernal Martinez has failed to state a cognizable § 1983 complaint, the Court declined to serve the complaint and ordered Mr. Bernal Martinez to file an amended complaint or to show cause why the complaint he filed should not be dismissed.  Dkt. 15.  On July 8, 2014 the Court received Mr. Bernal Martinez's "Explanation To Court As To Why His Complaint Should Not be Dismissed."  Dkt. 17.  The undersigned recommends that the complaint be dismissed without prejudice and the informa pauperis application denied as moot because Mr. Bernal Martinez has failed to state a cognizable § 1983 claim.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint

or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); *See Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).  A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  *See Bell Atlantic, Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007) (citations omitted).

In its Order to Amend or Show Cause, the Court advised Mr. Bernal Martinez that it would not serve his complaint because it appeared that his claim was barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus).  Dkt. 15.

In his response, Mr. Bernal Martinez contends that *Heck* does not apply to his claim because he is not seeking immediate release and not claiming malicious prosecution.  He also explains that he is not facing deportation based on his state court conviction (but is facing federal charges of illegal entry) and that his state court conviction is not "final" for purposes of immigration proceedings because he has appealed his state court conviction.  Dkt. 17.

At the time he filed his complaint, Mr. Bernal Martinez was in state custody, presumably on the conviction in question.  In this § 1983 case, he seeks to challenge the validity of that

REPORT AND RECOMMENDATION - 3

conviction on the grounds that the warrantless search of his apartment on March 14, 2012 violated his Fourth Amendment rights.  He states that he was arrested based on the controlled substances found during that search, found guilty, and sentenced to 36 months in prison.  In addition to filing this action, in which he seeks monetary damages and a declaratory judgment that defendants violated his rights, he states that a direct appeal of that conviction is ongoing.

A civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  "*Heck*, in other words, says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed."  *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir.1996).  The § 1983 action "is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Mr. Bernal Martinez seeks to challenge in this § 1983 action, the search and seizure that led to his arrest and conviction.  However, he makes no allegation or showing that his conviction has been invalidated or impugned in any respect.  Because the successful pursuit of his challenges would necessarily imply the invalidity of his conviction, his claims are barred by *Heck.  See, e.g., Harvey v. Waldron*, 210 F.3d 1008, 1015 (9th Cir.2000) ("[A] § 1983 action alleging illegal search and seizure of evidence upon which criminal charges are based does not accrue until the criminal charges have been dismissed or the conviction has been overturned."),

REPORT AND RECOMMENDATION - 4

*overruled in part on other grounds by Wallace v. Kato*, 549 U.S. 384 (2007); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir.1998) (false arrest and imprisonment claims barred by *Heck* given that success on those claims would require a demonstration of a lack of probable cause for the arrest and a finding of no probable cause would necessarily imply invalidity of conviction). The fact that Mr. Bernal Martinez is no longer in state custody for the conviction at issue does not change this result. The appropriate avenue for Mr. Bernal Martinez's claims at this juncture is through a habeas action in state court which, according to him, he is actively pursuing.

Mr. Bernal Martinez was given an opportunity to amend his complaint to cure the noted deficiencies. Based on his response, it is clear that those deficiencies cannot be cured by amendment.

## CONCLUSION

This case should be **dismissed without prejudice** and the application to proceed in forma pauperis **denied as moot.** Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **August 8, 2014,** as noted in the caption.

**DATED** this  10th  day of July, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5